Randall B. Bateman (USB 06482)
BATEMAN IP
299 South Main Street, Suite 1300
Salt Lake City, UT 84111
Tel. /Fax:	(801) 533-0320 / (801) 533-0323
Email:	rbb@batemanip.com; mail@batemanip.com

*Attorney for THRIVEHER, Inc. and Dr. Sonya McKinzie*

### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| THRIVEHER, INC and<br>DR. SONYA MCKINZIE<br><br>      Plaintiffs,<br><br>v.<br><br>THRIVE-HER, LLC, THRIVEHER, LLC, and TRICIA DEMPSEY<br><br>      Defendants | **COMPLAINT AND JURY DEMAND**<br><br>Case No: 2:24-cv-932<br><br>Judge: |

Plaintiffs ThriveHer, Inc. and Dr. Sonya McKinzie ("Plaintiffs") state their complaint against Defendants Thrive-Her, LLC, ThriveHer, LLC, and Tricia Dempsey ("Defendants") as follows:

### NATURE OF THE ACTION

1. This is an action for trademark infringement under the Lanham Act, 15 U.S.C. §§ 1114(1) and 1125(a), (d).

2. Plaintiff ThriveHer, Inc. is dedicated to helping survivors of domestic violence and other forms of trauma realize their fullest potential. The organization provides coaching, mentoring, and educational opportunities to advance its mission of providing resources to underserved communities. ThriveHer® is a registered trademark of the organization.

3. Around 2020, Plaintiffs learned of Defendants' intention to unlawfully use the ThriveHer® mark to advertise coaching and educational services for women on the internet.

Defendants offer these services using the names "Thrive-Her" and "Thrive-Her Passport" at various locations on their website, which is also hosted at a web domain that infringes on the ThriveHer® mark. From 2020 to Present, Plaintiffs have maintained that Defendants infringing use of the ThriveHer® mark is in violation of its intellectual property rights and that the Defendants are not permitted to use its valuable intellectual property rights without authorization.

4. Both Plaintiffs' and Defendants' services help women overcome hardship to achieve desired outcomes. However, Plaintiffs have neither endorsed Defendants' consulting services nor authorized Defendants' use of the ThriveHer® mark.

5. Defendants' unlawful actions are causing ongoing and irreparable harm to Plaintiffs and their beneficiaries. To redress the harm to Plaintiffs and the public, Plaintiffs bring claims for infringement of federally registered trademarks under Section 32(1) of the United States Trademark (Lanham) Act of 1946, as amended (the "Lanham Act"), 15 U.S.C. § 1114(1); and trademark infringement under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), (d).

6. Plaintiffs request that the court (1) enjoin Defendants' use of the ThriveHer® mark, (2) transfer to Plaintiffs ownership of all infringing domain names currently owned by Defendants and their employees, agents, affiliates, successors, assigns, franchises, franchisees, licensees, and all those in privity or acting in concert with them, and (3) award damages as appropriate.

## THE PARTIES

7. Plaintiff ThriveHer, Inc. is a Georgia corporation with its principal place of business in Cumming, Georgia. Plaintiff Dr. Sonia McKinzie is the founder and CEO of TriveHer, Inc.

8. On information and belief, Defendant Thrive-Her, LLC, sometimes referred to as THRIVEHER, LLC, is a company formed under the laws of South Carolina as a limited liability company with a Utah foreign limited liability company registration and principal place of business in Hideout, Utah. On information and belief, Defendant Tricia Dempsey is the sole member/owner of Thrive-Her, LLC, and operates Thrive-Her, LLC as an alter ego.

## JURISDICTION AND VENUE

9. This Court has personal jurisdiction over Defendants because, *inter alia*, Defendants regularly conduct business in Utah and reside in Utah.

10. This action arises under the Lanham Act, 15 U.S.C. §§ 1125 and 1114. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1131 and 1338.

11. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to Plaintiffs' claims occurred in Utah and because Defendants reside in Utah.

## FACTS

**I.    ThriveHer® is a valid and legally protectable trademark. Plaintiffs own the ThriveHer® trademark.**

12. Since 2017, Plaintiffs have used the ThriveHer® mark in connection with support services for domestic abuse and trauma survivors. Plaintiffs filed to register the trademark on December 26, 2017, and registered the trademark per approval from the U.S. Patent and Trademark Office on March 12, 2019, as follows:

| Reg. No. | Mark | Goods and Services |
|---|---|---|
| 5698795 | THRIVEHER | Charitable services, namely, providing facilities for educational workshops and seminars to girls 6 years old to 18 years old in the field of domestic violence awareness and prevention; Charitable services, namely, providing facilities for educational workshops and seminars to survivors and victims of abuse in the field of domestic violence awareness and prevention; Conducting workshops and seminars in self-awareness |

13. Plaintiffs own the only ThriveHer® mark currently registered by the U.S. Patent and Trademark Office ("USPTO"). The mark is valid and subsisting, and Plaintiffs have complied with all applicable requirements under 15 U.S.C. § 1058 for maintaining the mark's validity.

14. Plaintiffs have made continuous use of the mark in their delivery of public services for more than five years. Accordingly, the registration is incontestable under 15 U.S.C. § 1065.

15. Plaintiffs' ownership of the mark is not subject to any geographical limitations. Plaintiffs reserve the right to use the mark nationwide when promoting their services to the public.

16. Plaintiffs have sufficiently taken measures to protect the mark from unauthorized use, as evidenced by their communications to Defendants regarding the infringement dating back to 2020, and including, but not limited to, a Cease and Desist Letter dated August 07, 2023 and subsequent communications to amicably resolve this dispute.

## II. Defendants' unauthorized use of the ThriveHer® mark is likely to confuse the public.

17. Defendants' website, https://thrive-her.com, includes descriptions of consulting and educational services provided under the names "Thrive-Her" and "Thrive-Her Passport".

18. The domain and service provider names are highly similar to the ThriveHer® mark, both containing the terms "thrive" and "her". While Defendants' references add a hyphen between the two terms and, with respect to "Thrive-Her Passport", an immaterial suffix to the terms, these additions are unlikely to distinguish the brand from the ThriveHer® mark in the eyes of the public. Additionally, the inclusion of a term with a registered mark has previously been found to increase the similarity between the marks where the dominant portion of the marks is the same. *See Healthone of Denver, Inc. v. UnitedHealth Group Inc.*, 872 F. Supp. 2d 1154. The dominant wording, "ThriveHer", is therefore identical to the entirety of the registered ThriveHer® mark. When comparing the marks in their entirety, they do not convey a significantly different commercial impression from each other.

19. For example, when the public searches for Plaintiff ThriveHer, Inc. on the internet, Defendants' unauthorized uses of the ThriveHer® mark are displayed among the first search results, which may result in confused consumers clicking on Defendants' website instead of Plaintiff's website.

4

20. Defendants also offer a broad range of services that can be easily construed as similar to or inclusive of Plaintiffs' services. In Defendants' trademark application, they describe their services as,

> Coaching in the field of topics related to women; Educational services, namely, conducting classes, courses, workshops, seminars, and conferences in the field of topics related to women; Educational and entertainment services, namely, providing motivational speaking services in the field of topics related to women; Educational services, namely, conducting classes, seminars, conferences, workshops, and courses in the field of topics related to women and distribution of educational materials in connection therewith; On-line journals, namely, blogs featuring topics related to women; On-line video journals, namely, vlogs featuring non-downloadable videos in the field of topics related to women; Personal coaching services in the field of topics related to women; Providing on-line training courses, seminars, workshops, conferences, and classes in the field of topics related to women.

Plaintiffs' trademark registration describes their services as,

> Charitable services, namely, providing facilities for educational workshops and seminars to girls 6 years old to 18 years old in the field of domestic violence awareness and prevention; Charitable services, namely, providing facilities for educational workshops and seminars to survivors and victims of abuse in the field of domestic violence awareness and prevention; Conducting workshops and seminars in self-awareness.

The broad wording of Defendants' services encompasses services related to women generally, which could include those related to domestic violence awareness and prevention, and self-awareness.

### III. Defendants have received actual and constructive notice regarding the likelihood that their services will be confused or mistakenly affiliated with the ThriveHer® mark.

21. Defendants received actual notice that their websites and promotional materials infringed on the ThriveHer® mark when Plaintiffs sent a Cease and Desist letter on August 07, 2023 describing the likelihood of confusion and requesting that Defendants suspend their infringing use of the materials indefinitely. Similarly, Plaintiffs have requested that Defendants transfer ownership of all infringing web domains to Plaintiffs.

22. Defendants received constructive notice regarding the likelihood that their services would be confusingly similar with the ThriveHer® mark when they filed trademark applications to the USPTO for the THRIVE-HER, THRIVEHER PASSPORT, THRIVEHER PASSPORT MASTERS, and THRIVEHER HERE'S YOUR NEXT STEP marks.

23. For each application, the USPTO issued actions refusing Defendants' request for registration based, in part, on the likelihood that the marks would be confused with the existing ThriveHer® mark. For example, in its Non-Final Action issued on March 20, 2024, in connection with the THRIVEHER PASSPORT MASTERS application, the USPTO stated,

> The applied-for THRIVEHER PASSPORT MASTERS and registered THRIVEHER marks share the identical wording THRIVEHER, with the applied-for THRIVEHER PASSPORT MASTERS mark merely adding the wording PASSPORT MASTERS to the registered THRIVEHER mark. In other words, the applied-for THRIVEHER PASSPORT MASTERS incorporates the entirety of the registered THRIVEHER mark. However, incorporating the entirety of one mark within another does not obviate the similarity between the compared marks, as in the present case, nor does it overcome a likelihood of confusion under Section 2(d). *See Wella Corp. v. Cal. Concept Corp.*, 558 F.2d 1019, 1022, 194 USPQ 419, 422 (C.C.P.A. 1977) (holding CALIFORNIA CONCEPT and surfer design and CONCEPT confusingly similar); *Coca-Cola Bottling Co. v. Jos. E. Seagram & Sons, Inc.*, 526 F.2d 556, 557, 188 USPQ 105, 106 (C.C.P.A. 1975) (holding BENGAL LANCER and design and BENGAL confusingly similar); *Double Coin Holdings, Ltd. v. Tru Dev.*, 2019 USPQ2d 377409, at *6-7 (TTAB 2019) (holding ROAD WARRIOR and WARRIOR (stylized) confusingly similar); *In re Mr. Recipe, LLC*, 118 USPQ2d 1084, 1090 (TTAB 2016) (holding JAWS DEVOUR YOUR HUNGER and JAWS confusingly similar); TMEP §1207.01(b)(iii). In the present case, the marks are identical in part. Based on the foregoing, the applicant's applied-for and registrant's marks are sufficiently similar to find a likelihood of confusion.

24. Defendants have acted in bad faith and demonstrated their intent to profit from the ThriveHer® mark by continuing to use the mark in their web domains and promotional materials, even after receiving actual and constructive notice of the infringing use.

## FIRST CLAIM FOR RELIEF

### Infringement of Registered Trademark Under 15 U.S.C. § 1114(l)

25. Plaintiffs reallege and incorporate herein the allegations set forth in the foregoing paragraph of this Complaint.

26. Defendants' unauthorized use of the ThriveHer® mark in connection with consulting services for women constitutes use in commerce of a reproduction, counterfeit, copy or colorable imitation of the trademark identified in U.S. Trademark Registration Number 5698795 in connection with the sale, offering for sale, distribution, or advertising in connection with the services that is likely to cause confusion, or to cause mistake, or to deceive.

27. Defendants effected unauthorized use of the ThriveHer® mark through several corporate entities, employees, agents, affiliates, successors, assigns, franchises, franchisees, licensees, and persons in privity or acting in concert with them, including, but not limited to, Tricia Dempsey, James Dempsey, Thrive-Her, LLC, THRIVEHER, LLC and Thrive Partners, LLC. Defendants exercised complete control and over the entities and actions involved with the unauthorized use of the mark.

28. Plaintiffs have been, are now, and will be irreparably injured and damaged by Defendants' conduct as described above, and unless such conduct is enjoined by the Court, Plaintiffs will suffer harm to its registered trademark, reputation, and goodwill. This harm constitutes injury for which Plaintiffs have no adequate remedy at law.

## SECOND CLAIM FOR RELIEF

### Infringement of Registered Trademark Under 15 U.S.C. § 1125(a)

29. Plaintiffs reallege and incorporate herein the allegations set forth in the foregoing paragraph of this Complaint.

30. Defendants' unauthorized use of the ThriveHer® mark constitutes a use in commerce of a word, term, name, symbol, or device, or some combination thereof, or a false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion or mistake, or to deceive as to the affiliation, connection, or association among and between the parties and their respective services, or confusion or mistake as to the origin, sponsorship, or approval among and between the parties and their respective services.

31. Defendants effected unauthorized use of the ThriveHer® mark through several corporate entities, employees, agents, affiliates, successors, assigns, franchises, franchisees, licensees, and persons in privity or acting in concert with them, including, but not limited to, Tricia Dempsey, James Dempsey, Thrive-Her, LLC, THRIVEHER, LLC and Thrive Partners, LLC. Defendants exercised complete control and over the entities and actions involved with the unauthorized use of the mark.

32. Plaintiffs have been, are now, and will be irreparably injured and damaged by Defendants' conduct as described above, and unless such conduct is enjoined by the Court, Plaintiffs will suffer harm to its registered trademark, reputation, and goodwill. This harm constitutes injury for which Plaintiffs have no adequate remedy at law.

### THIRD CLAIM FOR RELIEF
### Infringement of Registered Trademark Under 15 U.S.C. § 1125(d)

33. Plaintiffs reallege and incorporate herein the allegations set forth in the foregoing paragraph of this Complaint.

34. Defendants' unauthorized use of the distinctive ThriveHer® mark constitutes a bad faith intent to profit from the mark and includes registration, trafficking in, and use of a web domain which is protected as a mark under 15 U.S.C. § 1125 and is identical or confusingly similar to the mark.

35. Upon information and belief, Defendants' conduct is willful, deliberate, and undertaken with certain knowledge of Plaintiffs' prior rights, and with knowledge that Defendants have no right, license, or authority to use the registered ThriveHer® mark, or any confusingly similar variant thereof, including Thrive-Her or Thrive-Her Passport.

36. Defendants effected unauthorized use of the ThriveHer® mark through several corporate entities, employees, agents, affiliates, successors, assigns, franchises, franchisees, licensees, and persons in privity or acting in concert with them, including, but not limited to, Tricia Dempsey, James Dempsey, Thrive-Her, LLC, THRIVEHER, LLC and Thrive Partners, LLC. Defendants exercised complete control and over the entities and actions involved with the unauthorized use of the mark.

37. Plaintiffs have been, are now, and will be irreparably injured and damaged by Defendants' conduct as described above, and unless such conduct is enjoined by the Court,

Plaintiffs will suffer harm to their registered trademark, reputation, and goodwill. This harm constitutes injury for which Plaintiffs have no adequate remedy at law.

WHEREFORE, Plaintiffs ThriveHer, Inc. and Dr. Sonya McKinzie demand judgment as follows:

1. Enter judgment in favor of Plaintiffs on all counts;

2. Enter preliminary and permanent injunction restraining Defendants and their employees, agents, affiliates, successors, assigns, franchises, franchisees, licensees, and all those in privity or acting in concert with them from using or displaying the ThriveHer® mark or confusingly similar variations thereof, including without limitation the ThriveHer® mark, on or in connection with any products or in any written, oral, or audiovisual advertisements, displays, signs, sales promotions, the Internet, or in any other public communication in connection with Defendants' goods or services;

3. Order that Defendants and their employees, agents, affiliates, successors, assigns, franchises, franchisees, licensees, and all those in privity or acting in concert with her transfer ownership of any web domains incorporating the ThriveHer® mark to Plaintiffs;

4. Order that Defendants account for and pay over to Plaintiffs all gains, profits, and advantages derived from the conduct alleged herein, pursuant to 15 U.S.C. § 1117 and other applicable law;

5. Order that Defendants pay Plaintiffs the damages that Plaintiffs have sustained by reason of the conduct alleged herein;

6. Order that Defendants pay pre-judgment interest on Plaintiffs' damages as provided by 15 U.S.C. § 1117 and other applicable law;

7. Order that Defendants pay the costs of this action as provided by 15 U.S.C. § 1117 and other applicable law;

8. Order that Defendants pay Plaintiffs' attorneys' fees as provided by 15 U.S.C. § 1117 and other applicable law; and

9. Grant such other relief as is just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, ThriveHer hereby demands a jury trial on all claims so triable.

BATEMAN IP

By /s/Randall B. Bateman
 Randall B. Bateman